UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HILLARY WALLS,

                    Plaintiff,

    v.

KEN QUINN, *et al*.,

                    Defendants.

No. 09-5292RBL/JRC

REPORT AND RECOMMENDATION

**NOTED FOR:
November 27, 2009**

    This 42 U.S.C. §1983 Civil Rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

    Before the court is Defendant's motion to dismiss (Dkt. # 8). Defendants argue the claims raised by Mr. Walls are subject to claim preclusion because the incident giving rise to the claims was the subject of prior litigation that raised the same or similar claims. That prior litigation resulted in a settlement in plaintiff's favor and a payment to Mr. Walls (Dkt. # 8 and attachments).

REPORT AND RECOMMENDATION- 1

Mr. Walls did not respond to the motion to dismiss. The court has considered the complaints in the cases cited by defendants, and the settlement agreement. The court concludes claim preclusion applies to this litigation. The defendants are entitled to DISMISSAL of this complaint WITH PREJUDICE.

## FACTS AND DISCUSSION

Plaintiff alleges he was assaulted while housed at the Monroe Complex in the Special Offender Unit (Dkt. # 1). He alleges that another inmate approached him on April 30, 2007, and asked about his sexual orientation. Plaintiff alleges he reported the incident to prison staff who took no "corrective action." (Dkt. # 1, page 10, typed page number 5). Plaintiff alleges that on May 1, 2007, the same inmate tried to intimidate and coerce plaintiff into having sex with him. Again, plaintiff alleges he reported the incident, but no corrective action was taken. (Dkt. # 1, page 10, typed page number 5). Over the next two days plaintiff alleges there were repeated incidents where this inmate threatened him and that he reported those incidents to prison officials. Plaintiff alleges that on May 4, 2009 he no longer felt safe and that he asked to be placed into Protective Custody, "PC" (Dkt. # 1).

Later on May 4, 2009, a prison staff person allegedly spoke with the inmate who was threatening Mr. Walls. Mr. Walls alleges that the threats continued and still later that day a "relating table" was convened. The inmate who was threatening Mr. Walls and Mr. Walls were both present with prison officials, in an attempt to resolve the problem. Plaintiff alleges that immediately after the "relating table" the other inmate attacked him, and that he has permanent injuries including blurred vision, headaches, and pain in his back, neck, knee and ankle. He claims he is now confined to a wheel chair (Dkt. # 1, typed page number 9).

The claims in this action include: (1) deliberate indifference for failure to protect; (2) failure to intervene, before and during the assault; and (3) failure to provide proper medical care after the assault (Dkt. # 1).

Defendants provide the court with the cause numbers of three other cases filed in this federal court that Mr. Walls filed. Two of those cases addressed the same May 4, 2007, assault. The cases numbers are <u>Walls v. Quinn</u>, 07-CV-1347MJP/JPD, <u>Walls v. State Department of Corrections</u>, 07-CV-5631FDB, and <u>Walls v. State Department of Corrections</u>, 07-CV-5484FDB/KLS. The cases were settled with a single settlement agreement that is attached to the motion to dismiss. (Dkt. # 8, Attachments).

## STANDARD OF REVIEW

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory.

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. <u>Keniston v. Roberts</u>, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

REPORT AND RECOMMENDATION- 3

## DISCUSSION

Normally the inclusion of documents outside the pleadings converts a motion to dismiss to a motion for summary judgment. However, the court may take judicial notice of facts outside the pleadings. Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd., 245 F.2d 67, 70 (9th Cir.1956); 5 C. Wright & A. Miller, Federal Practice & Procedure, S 1363 at 659-60 (1969). A court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one of summary judgment. Gemtel Cor. v. Community Redevelopment Agency, 23 F.3d 1542, 1544, n. 1 (9th Cir. 1994). Federal Courts may take judicial notice of proceedings in other courts, whether in state or federal systems. Fed.R. Civ. P. 201; Burbank-Glendale-Pasadena Airport Authority v. City of Burbank, 136 F.3d 1360 (9th Cir. 1998); Allen v. City of Los Angeles, 92 F.3d 842 (9th Cir. 1996); Yuen v. U.S. Stock Transfer Co., 966 F.Supp. 944 (C.D. Cal. 1997). Defendants have attached documents from other cases that were before this court. The Court will take judicial notice of the record in those cases.

In Walls v. State Department of Corrections, 07-CV-5631FDB, plaintiff challenged placement in a dry cell in October of 2007. While the claims are not the same, the agreement to dismiss was based on the settlement agreement filed in 07-CV-5484FDB. In Walls v. State Department of Corrections, 07-CV-5484FDB/KLS and in Walls v. Quinn, 07-CV-1347MJP/JPD plaintiff litigated the claims relating to the alleged assault that occurred May 4, 2007. In each of those cases plaintiff was challenging either the level of protection he received or the medical care after the alleged assault.

The doctrine of claim preclusion provides that a judgment on the merits bars any subsequent action, not only as to claims that were before that court, but also as to claims that could have been offered. See generally, Cromwell v. Sac County, 94 U.S. 351, 352 (1876).

REPORT AND RECOMMENDATION- 4

Here, plaintiff's claims for failure to protect, failure to intervene and medical care were actually before the court and settled. Those claims, whether based on an Eighth Amendment theory of liability, or a tort theory of liability, have been settled. The claims cannot be litigated again.

Mr. Wall's claims are subject to claim preclusion and the court recommends this action be DISMISSED WITH PREJUDICE.

## CONCLUSION

This court recommends that the action be DISMISSED WITH PREJUDICE as the claims have been settled in other actions. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also,* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 27, 2009,** as noted in the caption.

DATED this 4th day of November, 2009.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5